USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 0 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA                    :

                                            :    SUPERSEDING
                                                 INDICTMENT
           - v. -                           :
                                                 S1 12 Cr. 084
                                            :    (JPO)

NARENDRA TULSIRAM,                          :

                         Defendant.         :

- - - - - - - - - - - - - - - - - - x

COUNT ONE

(Sexual Exploitation of a Child)

The Grand Jury charges:

1.   From in or about 2008 through in or about September
2011, in the Southern District of New York, NARENDRA TULSIRAM,
the defendant, knowingly employed, used, persuaded, induced,
enticed, and coerced a minor to engage in sexually explicit
conduct for the purpose of producing a visual depiction of such
conduct, knowing and having reason to know that such visual
depiction would be transported and transmitted using any means
and facility of interstate and foreign commerce and in and
affecting interstate and foreign commerce and mailed, and which
visual depiction was produced and transmitted using materials
that had been mailed, shipped, and transported in and affecting
interstate and foreign commerce by any means, including by
computer, and which visual depiction was actually transported and
transmitted using any means and facility of interstate and

foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, TULSIRAM knowingly employed, used, persuaded, induced, enticed, and coerced a minor female victim (the "Victim") to engage in sexually explicit conduct for the purpose of producing photographs of such conduct.

(Title 18, United States Code, Sections 2251(a) and (e).)

COUNT TWO

(Sexual Exploitation of a Child)

The Grand Jury further charges:

2.  From in or about 2008 through in or about September 2011, in the Southern District of New York, NARENDRA TULSIRAM, the defendant, a parent, legal guardian, and person having custody and control of a minor, knowingly permitted such minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, to wit, TULSIRAM

knowingly permitted the Victim to engage in sexually explicit conduct for the purpose of producing photographs of such conduct.

(Title 18, United States Code, Sections 2251(b) and (e).)

### COUNT THREE

#### (Transportation of Child Pornography)

The Grand Jury further charges:

3.   In or about November 2011, in the Southern District of New York and elsewhere, NARENDRA TULSIRAM, the defendant, knowingly did mail, transport and ship using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography, and attempted to do the same, to wit, TULSIRAM transported and attempted to transport photographs containing child pornography over the Internet via electronic mail.

(Title 18, United States Code, Sections 2252A(a)(1) and (b)(1).)

### COUNT FOUR

#### (Possession of Child Pornography)

The Grand Jury further charges:

4.   From in or about 2008 through in or about November 2011, in the Southern District of New York, NARENDRA TULSIRAM, the defendant, knowingly did possess, and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and

in and affecting interstate and foreign commerce by any means,
including by computer, and that was produced using materials that
had been mailed, and shipped and transported in and affecting
interstate and foreign commerce by any means, including by
computer, to wit, TULSIRAM possessed on his cell phone
photographs containing child pornography.

    (Title 18, United States Code, Section 2252A(a)(5)(B).)

<u>FORFEITURE ALLEGATION</u>

    5. As a result of committing one or more of the
offenses alleged in Counts One through Four of this Indictment,
NARENDRA TULSIRAM, the defendant, shall forfeit to the United
States, pursuant to 18 U.S.C. § 2253, all right, title and
interest of the defendant in any and all visual depictions
produced, transported, mailed, shipped or received in violation
of Chapter 110 of Title 18, Part I, United States Code; any
property, real or personal, constituting or traceable to gross
profits or other proceeds obtained from such offense; and any
property, real or personal, used or intended to be used to commit
or to promote the commission of such offenses alleged in Counts
One through Four of this Indictment, including but not limited to
the following:

    a. Any and all visual depictions of a minor
involved in sexually explicit conduct as defined in Title 18,
United States Code, Sections 2256(8); and

      b. Any and all computer and other equipment involved in sexually explicit conduct as defined in Title 18, United States Code, Sections 2256(8).

<u>Substitute Asset Provision</u>

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with, a third party;

      (3) has been placed beyond the jurisdiction of the court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 2253;
       Title 21, United States Code, Section 853)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA
### v.

### NARENDRA TULSIRAM,
Defendant.

### SUPERSEDING INDICTMENT

S1 12 Cr. 084 (JPO)

(18 U.S.C. §§ 2251(a), (b), and (e),
2252A(a)(1), (b)(1), and 2252A(a)(5)(B).)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

3/20/13   ʃ!ʃ Superseding Ind

Ho Judge Palusa