GROSSMAN & RINALDO
ATTORNEYS AT LAW

STUART J. GROSSMAN
PAUL P. RINALDO

108-18 QUEENS BOULEVARD
8TH FLOOR, SUITE 5
FOREST HILLS, NEW YORK 11375
(718) 520-8722
FAX (718) 793-0894
E-MAIL: grossmanrinaldo@aol.com

June 19, 2014

VIA ECF

The Honorable J. Paul Oetken
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: United States v. Narendra Tulsiram
> 12 CR 84(JPO)

Dear Judge Oetken:

With respect to the sentencing of the defendant, Narendra Tulsiram, I respectfully submit this letter to briefly respond to the sentencing recommendation section of the revised Presentence Report which was disclosed on June 11, 2014 and the government's sentencing memorandum of June 17, 2014.

Specifically, both the Probation Department and the government suggest that the defendant has demonstrated no remorse for his victim, that he fails to understand that she is a victim, that he

fails to acknowledge the suffering he inflicted on the victim, and that he implies that the victim in some way welcomed the defendant's conduct. (Gov't.Mem.15.) These conclusions are based, it appears, upon the comments contained in the first full paragraph of page 6 of defense counsel's sentencing submission.

I submit to the court that the defendant did not mean to suggest or imply the above conclusions in any way and I believe it is an unfair and inaccurate representation of the defendant's position. A more complete reading of the defense submission is clearly necessary. Firstly, the defendant accepted full responsibility for his conduct. He plead guilty to each and every count of the indictment after a full allocution. As pointed out on page 5 of the defense submission,

"He understands and appreciates the devastating impact of his actions on the victim and her family and upon his own family. He also understands that nothing the defendant nor counsel can say can undue the harm that has been caused by his conduct".

The defendant also acknowledged that, even if his abuse of the victim did not begin until she was 15 years old, that "would do little to change the seriousness of the offense".

2

Secondly, the government seems to ignore the second full paragraph of page 6 of the defendant's submission. I beg the Court's indulgence, but I feel it is necessary for the sake of context to repeat it here:

> "Counsel, of course, realizes that he walks a slippery slope in pointing out the above facts. They are in no way meant to suggest that the defendant's behavior is in any way excusable. They are also not meant to demean or trivialize the true pain and hurt that his actions clearly had on the victim. The defendant was the adult and the victim was a child. The defendant understands this and knows that his conduct cannot be condoned. However, I submit that it is fair and reasonable to try to give some context to the facts of the case".

Also, on page 9 of the defendant's submission, the defendant states that "He does not seek sympathy and is truly remorseful for his actions". Defense counsel did not and does not suggest that the victim welcomed the defendant's conduct. The defendant understands that victim's participation in the photographs was obviously a product of his prior sexual abuse of the victim. However, I believe it is reasonable to make a distinction between taking images of child under the age of fourteen and fifteen and one of 17 years old.

The government also points out that the mandatory minimum of 15 years is the base line minimum for an exploitation offense but does not take into account the child pornography offenses in the case. This is not completely accurate since the production of the

images is an element of Counts One and Two. Nevertheless, Count Three carries a five year mandatory minimum. Obviously, the defendant is aware that the Court could choose to run the 5 year minimum of Court Three consecutive to the other counts of conviction to account for the child pornography charge.

Finally, the government refers the Court to Judge McMahon's sentencing in United States v. Allan Day, 10 CR 177(CM) as instructive because the facts are similar to this case. While certain facts may be similar, Mr. Day did not pled guilty but was convicted after trial, interposed a defense, and presumably compelled the victim to testify. He never accepted responsibility for his actions. While I am not familiar with all the details of the case, it appears that Mr. Day did in fact believe that his victim was somehow culpable. That is not the case here.

It is also very important to note that, in the Day case, the government did not recommend a guideline sentence of life but rather recommended a sentence of 25 years which was the probation department recommendation.

4

Again, I would respectfully request that the Court impose a reasonable sentence, not greater than necessary to achieve the goals of §3553(a).

Respectfully submitted,

Paul P. Rinaldo

AUSA Kristy J. Greenberg
AUSA Rahul Mukhi